### In re EMERGENCY BEACON CORPORATION, Debtor.

### No. 85 Civ. 4976 (KC).

United States District Court, S.D. New York.

Feb. 4, 1988.

---

Kronish, Lieb, Weiner & Hellman, New York City, for appellant Montmartco, Inc.; Laurence J. Kaiser, Deborah Moritz Jaffe, of counsel.

Barr and Faerber, Spring Valley, N.Y., for appellee, Harvey S. Barr, trustee in possession; Harvey S. Barr, Joseph J. Haspel, of counsel.

Stephen G. Glatzer, pro se.

## OPINION

BRIEANT, Chief Judge.

### BACKGROUND

Emergency Beacon Corporation is a New York corporation formed in 1968 to engage in the manufacture and sale of electronic equipment. On February 18, 1976, Emergency Beacon filed for relief pursuant to Chapter XI of the Bankruptcy Act of 1898.[1] Thereafter, in March 1977, Emergency Beacon was adjudicated a bankrupt and appellee Harvey S. Barr was appointed and duly qualified as Trustee-in-Bankruptcy. In April 1977, the Trustee, with new management, successfully petitioned to reinstate the Chapter XI proceeding and has since been acting as Trustee-in-Possession of the debtor.

In December 1977, Emergency Beacon proffered a Plan of Arrangement (the "Plan"). The Plan provided that each creditor would receive one share of Emergency Beacon common stock for each $10.00 of allowed claim, an annual dividend amounting to 5% of the gross annual sales of the corporation divided by the total number of outstanding shares, and 10.5 cents on each dollar of allowed claim to be paid in seven equal annual installments of 1.5 cents beginning one year after the Plan was accepted by the creditors. Appellant Montmartco, Inc. (formerly "Montco, Inc."), Emergency Beacon's largest general unsecured creditor, did not approve the Plan but it was nevertheless accepted by a majority of Emergency Beacon's creditors in February 1978.

Despite the creditors' rapid acceptance of the Plan, the Bankruptcy Court could not confirm the Plan with like speed due to a multitude of litigation instigated by Montmartco. Originally, the Plan had provided that the installment payments were to begin one year after the Plan was accepted by the creditors, which would have been February 1979. However, by the time the Bankruptcy Court could finally confirm the Plan in March 1984, the date on which payments were to begin had long past. The Plan was consequently amended to provide that payment would begin one year after the date of confirmation. The amended Plan was the same as the Plan approved by the creditors in all other respects.

1. Because Emergency Beacon filed for relief prior to the effective date of the new Bankrupt- cy Code, October 1, 1979, the 1898 Act applies.

On April 1, 1985, Montmartco moved the Bankruptcy Court to vacate the Confirmation Order. The grounds it asserted were substantially the same grounds as are asserted here: Montmartco contends that it can move under Fed.R.Civ.P. 60(b) to set aside the judgment as void because the amended Plan was never accepted by the creditors and contains provisions in contravention of the law. As such, Montmartco argues, the Plan's confirmation was outside the Bankruptcy Court's jurisdiction and a denial of due process.

Montmartco's motion was denied by the Bankruptcy Court in a decision dated April 16, 1985 and an order dated May 14, 1985. The Bankruptcy Court concluded that: 1) § 386 of the Bankruptcy Act is the exclusive means for revoking a confirmed plan of arrangement under Chapter XI of the former Bankruptcy Act; 2) fraud in the procurement of a confirmed Chapter XI plan of arrangement is the sole ground for revoking such a confirmation order, and this issue must be raised within six months after the arrangement is confirmed; 3) Fed.R.Civ.P. 60(b)(4) and (6) do not provide additional grounds for revoking a confirmation order; and 4) even if Fed.R.Civ.P. 60(b) did apply, Montmartco failed to establish a meritorious basis for relief under the rule. Montmartco now appeals the Bankruptcy Court's denial of the motion to vacate the Confirmation Order. Because the bankruptcy court's fourth conclusion is enough reason to deny appellant's motion, the Bankruptcy Court is affirmed on that ground.

## DISCUSSION

Section 386 of the Bankruptcy Act provides that a plan of arrangement may be set aside within six months of the date it is confirmed if it appears that fraud was practiced in procuring the arrangement. The Bankruptcy Court denied Montmartco's motion to vacate the Confirmation Order, in part, because it did not move within six months of the date the Plan was con-

firmed and because it did not allege that the Plan was procured through fraud. On appeal, Montmartco claims that the Bankruptcy Court erred in holding that § 386 of the Bankruptcy Act[2] is the exclusive means of vacating a confirmation order, precluding relief under Fed.R.Civ.P. 60(b). It claims that § 386, with its six month time limit, applies only where fraud is alleged. Where, as here, other grounds for relief are alleged, Montmartco contends that § 386 does not apply.

There is no dispute that Montmartco made its motion to set aside the confirmation order more than six months after the Plan was confirmed, nor is there any contention that the Confirmation Order was procured through fraud. Thus it is clear, and Montmartco does not dispute this, that under § 386, Montmartco's motion was properly denied. The only issue on this appeal is whether Montmartco is entitled to relief under Fed.R.Civ.P. 60(b).[3] However, if Montmartco has no valid claim for relief under Fed.R.Civ.P. 60(b), this court need not decide whether § 386 is the exclusive means of vacating the confirmation order.

Montmartco claims that the Confirmation Order should be vacated as void under Fed. R.Civ.P. 60(b)(4) for two reasons. First, Montmartco asserts that the amended complaint materially and adversely affected creditors and that, accordingly, the court had no authority to confirm it without prior acceptance by the creditors. Second, Montmarco contends that the plan affects the interests of shareholders in contravention of federal bankruptcy law and New York Corporation Law, and that the Bankruptcy Court for that reason could not confirm the plan. In both cases, Montmartco argues that, because the Bankruptcy Court erred in applying the law, it acted outside its jurisdiction and denied Montmartco due process of law and that the Confirmation Order is therefore void.

For a judgment to be void, the court must have lacked subject matter or person-

---

**2.** Bankruptcy Act of July 1, 1898, ch. 541, § 386, 30 Stat. 544, as added June 22, 1938, ch. 575, § 1, 52 Stat. 913 (formerly codified at 11 U.S.C. § 786 (1976)).

**3.** Although Montmartco moves pursuant to both subsection (4) and (6) of Rule 60(b), the only ground it asserts for its motion is that the order is void.

al jurisdiction, or the court must have acted without due process of law. However, a judgment is not void merely because it is erroneous; error, even gross error, in a decision that the court had the power to decide does not render it void.[4] In deciding whether a judgment is void for lack of jurisdiction the court must "distinguish an error in decision from the want of power to decide." [5]

■ With this in mind, it is clear that there is no merit in Montmartco's contention that the Confirmation Order is void because the Bankruptcy Court did not submit the Amended Plan to the creditors for approval. The Bankruptcy Act provides that a debtor may propose alterations or modifications of an arrangement at any time before the arrangement is confirmed.[6] When such an alteration or modification is proposed, the Act provides that creditors should be given a chance to accept or reject it on at least ten days notice. However, if the court finds that the proposed alteration or modification does not materially and adversely affect the interest of any creditor, it need not submit the plan for approval.[7]

The Bankruptcy Court was thus specifically authorized to confirm the Amended Plan if, in its opinion, the change in date of payment did not materially and adversely affect the creditors' interests. Montmartco cannot argue here that the creditors were materially and adversely affected by the Amended Plan because the installment payments began one year after the date of confirmation rather than one year after the date of acceptance; such a contention, even if correct, only points to an error in decision, not the want of power to decide. It is clear that the Bankruptcy Court had the power to decide whether the modification of the Plan would materially and adversely affect creditors. Having recognized this, it follows that the order is not void.

Montmartco also argues that the order is void because the Plan's provisions contravene federal bankruptcy and New York Business Corporation Law. Here again Montmartco fails to recognize that mere error does not void an order. The Bankruptcy Court clearly had the power to confirm the Plan; consequently, the order cannot be void, even if in error.

Because Montmartco cannot seek relief under Fed.R.Civ.P. 60(b) on the ground that the Bankruptcy Court's order is void, Montmartco has no ground on which to attack the Bankruptcy Court order. The decision of the Bankruptcy Court is accordingly affirmed.

So ordered.

4. *Swift & Co. v. United States*, 276 U.S. 311, 330–31 (1928); *In re Texlon Corp.*, 596 F.2d 1092 (2d Cir.1979).

5. *Swift & Co. v. United States*, 276 U.S. 311, 330, 48 S.Ct. 311, 316, 72 L.Ed. 587 (1928).

6. Bankruptcy Act of July 1, 1898, ch. 541, § 353, Stat. as added June 22, 1938, ch. 575, § 1, 52

Stat. 911, and amended Aug. 23, 1958, Pub.L. 85–732, § 7, 72 Stat. 821 (formerly codified at 11 U.S.C. § 763 (1976)).

7. Bankruptcy Act of July 1, 1898, ch. 541, § 364, Stat. as added June 22, 1938, ch. 575, § 1, 52 Stat. 911 (formerly codified at 11 U.S.C. § 764 (1976)).